IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IDA E. SHOEMAKER                                                                                PLAINTIFF


v.                                         CASE NO.        12-3009


CAROLYN W. COLVIN, Commissioner
of Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.  Procedural Background:**

The plaintiff filed her applications for DIB and SSI on January 22, 2010, alleging an onset date of February 19, 2008, due to plaintiff's back injury.  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on February 15, 2011.  Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 37 years of age and possessed a 9th Grade Education.  The Plaintiff had past relevant work ("PRW") experience as a Nurse Technician  (T. 160).

-1-

On August 8, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's degenerative joint disease/disc disease of the lumbar spine, hypertension, and sinus tachycardia did not meet or equal any Appendix 1 listing. T. 19. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. T. 20. The ALJ analyzed the Plaintiff past relevant work and determined that was capable of performing her past relevant work as performed. (T. 24).

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

**A. Subjective Complaints:**

The Plaintiff contends that his RFC determination was in error because, inter alia, it "makes no account for her experience of chronic pain. (ECF No. 8, p. 11).

In her initial Disability Report the Plaintiff stated:

> I cant lift more than 10 pounds or it pulls back. If I stand or sit to long I get stiff or it locks up and the pain makes me cry. I have to keep moving to try to get the pins and needle feeling to go away. It causes me to sleep very restless. The pain keeps me from doing much it hurts to bad, and I cant sleep at night, so im always tired and run down. The pain is horrible it causes my feet and legs to burn and it feels like constant pins and needles in the bottom of my feet. I told the nurse after the epidural wore off something was wrong because my back was locked up and I couldn't get out of bed, she gave me a pain pill and said my spine was swollen.

In her Pain Report the Plaintiff contends that her pain is constant and that she cannot

stand/walk for 20 minutes or sit for 30 minutes before she suffers pain (T. 186) that her pain is "getting worse everyday" and "at times it is unbearable". (T. 187). Her Function Report stated that her injury affected lifting, standing, walking, sitting, stair climbing, kneeling, squatting, reaching and bending (T. 194).

The Plaintiff contends that she became totally disabled because of an epidural injection administered during the delivery of her fourth child. (T. 159). There is no medical evidence to document the Plaintiff's disabling pain. An ALJ may not, however, disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is required to take into account the following factors in evaluating the credibility of a claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *See id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir.2004). However, the ALJ need not explicitly discuss each *Polaski* factor. *Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ only need acknowledge and consider those factors before discounting a claimant's subjective complaints. *Id.*

The ALJ first notes that the Plaintiff contends her injury occurred on February 19, 2008 but she did not seek any treatment for her alleged condition until July 7, 2008. Her treating physician prescribed Prednisone and Flexeril and told her to return "in one week, sooner if needed. (T. 240). There is no record that the Plaintiff sought treatment of any kind after receiving

the above prescription until January 27, 2011 (T. 304) a mere 10 days before she filed for disability.  In general, the failure to obtain follow-up treatment indicates that a person's condition may not be disabling or may not be as serious as alleged. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability").

      The ALJ noted that the Plaintiff was "able to feed and dress herself and attend to personal hygiene without assistance. She is able wash laundry and dishes, prepare meals, dust, and care for her four children. The claimant is also able to drive a car and manage her finances. Such activities are inconsistent with disabling pain. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).  Moreover, "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue,* 578 F.3d 805. Cf. *Reed v. Barnhart*, 399 F.3d 917, 923-24 (8th Cir.2005); *Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir.1999) (finding activities such as driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between classes, watching television, and playing cards were inconsistent with plaintiff's complaints of disabling pain).

The ALJ also noted that the Plaintiff only indicated that she was on over the counter pain medication at the time she filed for disability. (T. 22, 187). *See Hepp v. Astrue*, 511 F.3d 798, 807 (8th Cir. 2008) (moderate, over-the-counter medication for pain does not support allegations of disabling pain). A claimant's allegations of disabling pain may be discredited under the third Polaski factor by evidence that the claimant has received minimum medical treatment and/or has taken medications for pain only on an occasional basis. *See Cline v. Sullivan* 939 F.2d 560, 568 (C.A.8 (Iowa),1991); *citing Williams v. Bowen*, 790 F.2d 713 (8th Cir.1986).

The ALJ also noted that when the Plaintiff appeared for her consultive examination with Dr. Sam Boyd on April 18, 2011 he noted that "she clearly malingered cognitive deficits on the cognition items and on the CARB[1]" (T. 311) and that her "level of performance is known as a CARB Type III: Very Poor Effort" (T. 314). As a result his Axis I diagnosis was Malingering. (T. 314). Dr. Boyd also noted her "gait and posture were unremarkable" (T. 312).

The court finds that the ALJ properly discounted the Plaintiff's Subjective Complaints.

**B. RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th

---

[1]Computerized Assessment of Response Bias.

Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 *citing Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

The ALJ determined that the Plaintiff had the Residual Functional Capacity to perform a full range of light work (T. 20). 20 C.F.R. § 404.1567 defines light work as:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The Plaintiff had absolutely no medical history for the ALJ to draw upon. A consultive

examination was performed by Dr. Brownfield on March 22, 2010 who noted that she had a full range of motion with pain, mild spasms.  Her straight leg raise test was negative and no joint deformities were noted. X-rays showed some loss of normal curve but minimal spondylolisthesis at L4-L5.  (T. 241-245).  Dr. Ronald Crow, utilizing Dr. Brownfields examination (T. 258) provided a Physical Residual Functional Assessment on March 31, 2010. Dr. Crow found that the Plaintiff could lift 20 pounds occasionally and 10 pounds frequently and that she could stand and/or walk and sit for about 6 hours in an 8 hour work day. (T. 252). Dr. Crow's assessment was reviewed and affirmed by Dr. Bill Payne on May 1, 2010. (T. 261).

The court finds that the ALJ properly assessed the Plaintiff's Residual Functional Capacity.

**C.  Step Four**

The Plaintiff next contends that the ALJ erred because he failed to "propound an accurate hypothetical that accurately encompassed" the Plaintiff's limitations.  The court believes that this argument is actually directed to contend that the ALJ erred in finding that the Plaintiff had the capacity to return to her past relevant work as a secretary as it is generally performed. (T. 24).

Step four requires the ALJ to consider whether the claimant retains the RFC to perform her past relevant work. The claimant bears the burden of demonstrating an inability to return to past relevant work. *Pate-Fires v. Astrue* 564 F.3d 935, 942 (C.A.8 (Ark.),2009) *citing Steed v. Astrue,* 524 F.3d 872, 875 n. 3 (8th Cir.2008).

The regulations provide that the ALJ may elicit testimony from a vocational expert in evaluating a claimant's capacity to perform past relevant work. 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists ... to obtain evidence we need

to help us determine whether you can do your past relevant work, given your residual functional capacity."). The Eighth Cirucit has implicitly approved of an ALJ considering vocational expert testimony at step four of the evaluation process. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir.1994) (rejecting claimant's argument that the ALJ "did not set forth all of his impairments in the hypothetical question posed to the vocational expert" when determining that the claimant was "not capable of performing his past relevant work as a security guard").

The VE in this case testified that he would rate the Plaintiff's secretarial job as a sedentary job with a SVP level of 6 (T. 54) but as performed he would rate her job as a light or "possibly a medium job". (T. 55). The ALJ, however, found that the Plaintiff was able to perform her past relevant work as a secretary "as it as (is) generally performed". (T. 24). A review of the DOT language does not have any thing in the job description that would prohibit an individual with the Plaintiff's RFC of performing. (DOT 201.362-030).

The court finds that the ALJ properly determined that the Plaintiff could return to her past relevant work.

**D. Dr. Smith's Opinion**

Dr. Smith examined Plaintiff on February 22, 2011 (Tr. 265-273) one week after the hearing before the ALJ having been referred to Dr. Smith by her attorney. (T. 265). Dr. Smith diagnosed Plaintiff with a chronic, poorly controlled, non-psychogenic pain disorder (Tr. 268). He reported she was unable to meet competitive standards in remembering work like procedures, to maintain attention, maintain regular attendance, complete a normal workday and workweek, or to perform at a consistent pace, among others (Tr. 270-273). The ALJ carefully explained why he did not find Dr. Smith's report or medical conclusions persuasive (Tr. 23). The Court notes that

it is the ALJ who is charged with the responsibility of resolving conflicts among medical opinions. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008).

The ALJ discounted the opinion of Dr. Smith "based upon Dr. Boyd's opinion that the claimant did not allege or describe symptoms of a psychiatric or cognitive disorder during her Mental Diagnostic Evaluation and because there is clear evidence in the file that the claimant was engaging in malingering or misrepresentation. Further, it must be noted that the claimant underwent the examination that formed the basis of the opinion by Dr. Smith not in an attempt to seek treatment for symptoms but rather through attorney referral and in connection with an effort to generate evidence for the current application." (T. 23).

The court has throughly reviewed the opinion of Dr. Smith and the record and the court finds that the ALJ had ample reasons to discount the opinion of Dr. Smith and to give it little weight.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this 2nd day of April 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE